```
                                              FILED
                                           MISSOULA, MT
   IN THE UNITED STATES DISTRICT COURT  2007 JUL 10 PM 4 30
        FOR THE DISTRICT OF MONTANA        PATRICK E. DUFFY
                                        BY _____
             MISSOULA DIVISION              DEPUTY CLERK
```

| | | |
|---|---|---|
| RYAN PRICE, | ) | Cause No. CV 07-88-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| CATHY BECARRI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On July 2, 2007, Plaintiff Ryan Price moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted in a separate Order. Price is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Because Price is a prisoner proceeding in forma pauperis, his Complaint is subject to 28 U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the district court. The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and quotations omitted).

Although the statutes require dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

**II. Price's Allegations**

Price alleges that, in September of 2001, Defendant Becarri falsely accused him of sexually assaulting two minor children, though she knew the assault did not occur. *See* Compl. (doc. 2) at

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

4, ¶ IV.A.1; *id.* at 7 ("This was done a month prior to" another event in October 2001). Price contends that Becarri made the accusation "in the presence of her immediate supervisor at Msla County Dept. of Corrections." *Id.* at 4, ¶ IV.A.1; *id.* at 7. He also states that "[h]er immediate supervisor + Jan Urlicker ~~at~~ both knew of the petty crook's wife traducing my good name and did nothing." *See* Compl. (doc. 2) at 4, ¶ IV.A.1-2 (strikeout text in original).[1] He claims that he has "suffered tremendous psychological damage, personal humiliation, and mental anguish" as a result of the accusation. *Id.* at 5, ¶ V.

Price appears to allege slander and defamation. *See id.* at 7.

For his relief, Price asks that the Court "bankrupt the whole Becarri clan." He also requests other, equally incomprehensible forms of relief. *Id.* at 5, ¶ VI.

### III. Analysis

#### A. Fed. R. Civ. P. 11 and 12(f)

The tone of Price's Complaint is gravely inappropriate. Specifically, lines 3 and 4 of ¶ V, the whole of ¶ VI, and lines 8-10 on page 7 of the Complaint are "immaterial, impertinent, and scandalous." *See* Fed. R. Civ. P. 12(f). They are presented solely for the purpose of harassing Defendant Becarri. *See* Fed. R. Civ. P. 11(b)(1). In any other proceeding, Price – who has not shown such intemperance in his previous pleadings in this Court – would be required to amend his pleading or face dismissal. However, because it is clear that the Complaint must be dismissed for failure to state a claim, no additional time will be spent on Price's malicious and irrelevant

---

[1] It is not clear whether Price intended to name Uhrlicker as a defendant. *Compare* Compl. at 1 (instruction stating "Enter above the full name of each defendant.") *with id.* at 3, ¶ III.B (listing Uhrlicker as a defendant). Regardless, the analysis of Price's Complaint does not change.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

allegations.

### B. Failure to State a Claim

The Complaint fails to state a claim on which relief could be granted. Actions alleging damage to "the interest in reputation alone" cannot go forward under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Screws v. United States*, 325 U.S. 91, 109 (1945). Additionally, the Complaint is time-barred, because Price refers to an incident that occurred nearly six years ago. The longest limitations period that might be applicable is only three years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1) (1997). Finally, Price fails to request a judicially cognizable form of relief.

The Court has considered whether Price should be given an opportunity to amend. Although the request for relief might be amended, neither the Complaint's untimeliness nor its failure to state a viable cause of action can be cured. Amendment would be futile.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Price's Complaint (doc. 2) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Price's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION

AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this Findings and Recommendations within ten business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 10th day of July, 2007.

Jeremiah C. Lynch
United States Magistrate Judge