FILED
MISSOULA, MT

2007 AUG 2 PM 4 17

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RYAN PRICE, | ) | CV 07-88-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CATHY BECARRI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on July 10, 2007. Plaintiff timely objected on July 30, 2007.[1] Plaintiff therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging Defendant falsely accused him, in the presence of others, of

---

[1] In his objections, Plaintiff attempts to explain why his objections are untimely. Plaintiff's objections were due on July 30, 2007, and they were filed on that date. Thus, Plaintiff's objections are timely, and the Court will consider them.

-1-

sexually assaulting two minor children. Plaintiff claims he has suffered psychological damage, personal humiliation, and mental anguish as a result of the accusation. After conducting a preliminary screening of Plaintiff's Complaint, Judge Lynch recommended dismissing the Complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915, 1915A. Specifically, Judge Lynch determined actions alleging damage to "the interest in reputation alone" cannot go forward under § 1983, Paul v. Davis, 424 U.S. 693, 711-12 (1976), and Plaintiff's Complaint is time-barred because the incident allegedly occurred nearly six-years ago, Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1)(1997).

In his objections, Plaintiff asserts he can prove the factual allegations of his Complaint. Plaintiff's ability to prove the allegations in his Complaint, however, is irrelevant if Plaintiff cannot prevail on his claim as a matter of law. Because § 1983 does not provide a cause of action for Plaintiff's claim and the claim is time-barred, Plaintiff cannot prevail as a matter of law.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Plaintiff's Complaint (dkt #2) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The docket shall reflect that this action counts as one strike against Plaintiff

for failure to state a claim under 28 U.S.C. § 1915(g). Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

Dated this 2nd day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court